TERRELL *v.* STATE.

4453 204 S. W. 2d 473

Opinion delivered September 22, 1947.

Rehearing denied October 20, 1947.

*Henry B. Whitley* and *J. R. Wilson,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. Following the death of her husband in April 1945, Mrs. Stella S. Terrell continued operation of the small store they owned at Strong.

The appeal is from a judgment padlocking the place of business because liquor was kept there for sale, contrary to law. It is insisted that proof was insufficient to support the judgment, that the law was misconstrued; that the Court abused its discretion in refusing to grant an appeal from the defendant's plea of guilty in the Mayor's Court, and that in any event the direction to close, predicated upon disregard of the Court's prior injunctive order, should have been limited to one year. We agree with the last contention only.

April 27, 1946, on affidavit of Prosecuting Attorney Lamar Smead, a warrant was issued charging Mrs. Terrell with the illegal sale of intoxicating liquors. The case was docketed April 30th. When the defendant pleaded not guilty there was a continuance until the complaining officer and Mrs. Terrell's attorney could agree upon a date. Bond was set at $500.

Mrs. Terrell was promptly arrested on a second warrant in which she was charged with possession of intoxicating liquors "for the purpose of sale in her store building located in Strong, Arkansas." Although pleading not guilty she was fined $500.

A third warrant—issued April 30—charged Mrs. Terrell with possession of intoxicating liquors for the purpose of sale "in her home in Strong, Arkansas." Notwithstanding denials that the transaction occurred, the defendant was fined $500. A fourth and a fifth warrant were served, one charging illegal transportation of liquor for the purpose of sale in the store building, the other charging possession for the purpose of sale. In each of these cases a $500 fine was assessed.

May 29, 1946, Mrs. Terrell appealed from the convictions. The record indorsement appearing on the transcript of Case No. 162—possessing intoxicating liquors for the purpose of sale in the store—is, "Pleads guilty in Circuit Court, assessed $100 and cost by Gus W. Jones, Judge. Paid." The date is Sept. 11, 1946.

In the case before us the Prosecuting Attorney testified that in consequence of a discussion of all of the charges (Mrs. Terrell having been represented by Mr. Walter L. Brown, a highly reputable attorney) it was agreed that if the defendant would pay the single reduced fine and promise to not further violate the liquor laws, other cases would be dismissed. Prior to this time (May 3) Circuit Court had, on petition of the Prosecuting Attorney, enjoined Mrs. Terrell from operating the place in an unlawful manner in respect of possession or sale of liquor.

This brings us to a consideration of the permanent injunction and so-called padlock order.

February 22, 1947, a City Marshal and Constable of Strong observed appellant's fifteen-year-old son Damon and a boy named Fife as they came from the direction of Mrs. Terrell's home carrying a package. An hour later there was a second trip. The officer detained the boys in an alley back of Mrs. Terrell's store. Concealed in a bag were three bottles, each containing a fifth of a gallon of liquor; also three bottles of "half-pint" liquor. In the aggregate there was slightly less than a gallon of intoxicants.

When taken before the Mayor three days later the boys were accompanied by Damon's mother who testified the liquor was hers and that she had sent for it. Under this evidence the causes were transferred to Juvenile Court. Mrs. Terrell was promptly arrested, charged with "having intoxicating liquors in possession for sale." She entered a plea of guilty and was fined $150. This was promptly paid by check. The following afternoon a temporary restraining order directing that the store be closed was served upon Mrs. Terrell. On the return day (March 10) the cause was continued until March 15th. On that date there was filed in Circuit Court a prayer for appeal from the judgment of February 25th. Act 125, approved February 26, 1943. Acting, as he believed, within the discretion conferred, Judge Jones declined to grant the prayer; whereupon an appeal was asked. At

the same time response was filed to the proceeding designed to make the temporary injunction permanent.

At the hearings in this case and on the petition for appeal, testimony was taken regarding circumstances under which Mrs. Terrell entered her plea of guilty and paid the fine of $150. In determining whether the limited injunction of 1946 had been violated, the investigation was comprehensive. Prosecuting Attorney Smead testified that when the $100 fine was paid he and Mr. Brown, the latter representing Mrs. Terrell, agreed that a plea of guilty should be entered with a fine in one case, and upon the defendant's promise that she would not in the future violate the liquor laws, other pending criminal charges would be dismissed. In response to the Court's question, "In that petition in 1946, how much whiskey was involved?" Mr. Smead replied: "There was a great lot in the place at that time, and there were several times when the officers went there and found numbers and numbers of empty bottles, probably fifty: a hundred or more at various times."[1] Continuing, the witness said: "This whiskey was found secreted in a secret place."

Marshal Baskin testified that he had noticed various people "drinking and coming out [of the store]; I see them coming out of there drinking." On cross-examination this statement was modified with the explanation that he had not actually seen the persons mentioned taking whiskey, but had observed their conduct and demeanor. In 1946 two raids were made. This witness did not arrive until the whiskey had been found by two other officers, but he saw them bringing it out. A small hole, fourteen or eighteen inches square, "had been cut in the loft." As a result of two raids a total of "sixty some odd bottles," not including empties, were taken. There were probably seven "fifths," nine pints, and forty-four half pints.

The defendant insisted in the Court below, and argues here, that she was "tricked" into entering the pleas

---

[1] The Court sustained an objection that this testimony, in part, was hearsay, but substantially the same facts were established by an officer who had direct information.

of guilty, having been assured by officers that payment would end the matter; hence, she urges, there is no competent proof that she kept liquor for sale, or that she violated the 1946 injunction. It is further asserted that in sending her son for the whiskey February 22 Mrs. Terrell was preparing to go on a picnic with friends, and that she had been directed by a physician to take whiskey medicinally because of a heart condition. A further defense is that the quantity of intoxicants transported by young Terrell was less than a gallon, and under Acts 91 and 423 of 1947 possession of not more than a gallon of liquor in dry territory is lawful and there is no presumption it was intended for sale.

Act 423 was not approved until March 28th—more than a month after the alleged offense was committed. The printed volumes of the Acts of 1947 carry a purported emergency clause to Act 91, but records in the Secretary of State's office disclose that it failed of adoption. Result is that it could not become effective until ninety days after adjournment of the legislative session.

Evidence that Mrs. Terrell was imposed upon and that she entered pleas of guilty in ignorance of her legal rights is not sufficiently convincing to warrant us in reversing the trial court. The Judge carefully reviewed major transactions and stated his conclusions and gave reasons for his action. In determining that Damon Terrell's possession was the possession of his mother, the Judge considered the defendant's record, proximity of her car to the store, the reasonableness or unreasonableness that with a heart ailment she intended to take the quantity of liquor in question on a picnic for use of herself and friends—and he concluded the more rational inference was that the liquor had been obtained for sale. The defendant's evidence in contradiction is not sufficient to justify a reversal of this finding.

In *Futrell* v. *State*, 207 Ark. 452, 181 S. W. 2d 680, it was held that while the Court, in respect of a nuisance, might permanently enjoin, and that as punishment for

violation of an abatement injunction the place of business might be closed, such closing could not be for a period in excess of one year.

It will be presumed in the case at bar that the Court intended the word "permanently" to cover the maximum period allowed by law. Upon remand the judgment will be made to reflect this intent.

With this modification the judgment is affirmed.